IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Ila Michelle Carter, #276333 )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>Warden of Leath Correctional )<br>Institution, )<br>)<br>Respondent. )<br>) | Civil Action No. 6:15-4872-BHH-KFM<br><br>**REPORT OF MAGISTRATE JUDGE** |

The petitioner, a state prisoner who is represented by counsel, seeks habeas corpus relief pursuant to Title 28, United States Code, Section 2254.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), this magistrate judge is authorized to review post-trial petitions for relief and submit findings and recommendations to the District Court.

## BACKGROUND

The petitioner is currently confined at Leath Correctional Institution in the South Carolina Department of Corrections ("SCDC"). She was indicted by an Anderson County Grand Jury in March 2001 for great bodily injury upon a child pursuant to South Carolina Code § 16-3-95(A) and/or (B)(2001-GS-04-765) and in May 2001 for homicide by child abuse pursuant to South Carolina Code § 16-3-85(A)(1) (2001-GS-04-1203) (app. 946-49). The petitioner was represented by public defender Robert Gamble. On June 25-28, 2001, a jury trial was held before the Honorable John Kittredge. The jury found the petitioner guilty as charged (app. 726). The trial court sentenced the petitioner to life imprisonment on the homicide conviction and 20 years consecutive for the great bodily injury conviction (app. 732).

Deputy Chief Attorney Joseph L. Savitz, III, of the South Carolina Office of Appellate Defense, represented the petitioner on appeal. On May 21, 2002, appellate counsel filed a final brief pursuant to *Anders v. California*, 286 U.S. 738 (1967) and raised the following issue, "The judge erred by allowing the solicitor to suggest that appellant's invocation of her right to counsel while being interrogated by the police was evidence of her guilt" (app. 737; doc. 23-5). Appellate counsel also filed a petition to be relieved asserting, "in his opinion, the appeal [was] without legal merit sufficient to warrant a new trial" (app. 741).

By letter dated May 28, 2002, the Clerk of the South Carolina Court of Appeals advised the petitioner of the right to file "a *pro se* brief addressing any issues [she] believe[d] the Court should consider in th[e] appeal" (doc 23-6). The petitioner submitted a *pro se* brief, which was acknowledged on August 1, 2002 (doc. 23-7). The South Carolina Court of Appeals dismissed the appeal in an unpublished opinion filed on February 25, 2003 (doc. 23-8), and issued the remittitur on March 28, 2003 (doc. 23-9).[1]

On February 17, 2004, the petitioner filed an application for post-conviction relief ("PCR") (app. 744-816). On October 5, 2004, the State made its return (app. 817-20). On October 6, 2009, attorney Tara Dawn Shurling, was appointed to represent the petitioner in the PCR action (app. 822). On October 7, 2010, an evidentiary hearing was

---

[1] The petitioner was not barred from seeking review from the Supreme Court of South Carolina at that time, as the existing bar was imposed in 2009 subsequent to the instant appeal. *See State v. Lyles*, 673 S.E.2d 811, 813 (S.C. 2009) ("This Court will no longer entertain petitions for writs of certiorari where the Court of Appeals has dismissed an appeal after conducting an *Anders* review."). However, failure to file a petition for rehearing resulted in issuance of the remittitur, which prevented any further appellate action. At the issuance of the remittitur, jurisdiction is returned to the lower court. *See* Rule 221(1), SCACR (petition for rehearing must be filed within fifteen (15) days of issuance of the opinion); Rule 242(d), SCACR (petition to state supreme court requires certification a petition for rehearing was made and ruled upon, and "[o]nly those questions raised in the Court of Appeals and in the petition for rehearing" may be presented); *Wise v. S.C. Dep't of Corr.*, 642 S.E.2d 551, 551 (S.C. 2007) ("When the remittitur has been properly sent, the appellate court no longer has jurisdiction over the matter and no motion can be heard thereafter.").

held before the Honorable J. Cordell Maddox, Jr. (app. 823). By order filed January 5, 2012, Judge Maddox denied relief and dismissed the application (app. 918-27). On January 19, 2012, PCR counsel filed a Rule 59(e) motion seeking to alter or amend the order (app. 928-31). Judge Maddox filed an amended order of dismissal on May 20, 2014 (app. 934-45).

The petitioner appealed the denial of relief. Appellate Defender John H. Strom of the South Carolina Commission on Indigent Defense, Division of Appellate Defense, represented the petitioner on PCR appeal. Appellate counsel filed a petition for writ of certiorari in the Supreme Court of South Carolina on December 1, 2014, and raised the following issues:

> I. Whether Petitioner's Sixth Amendment rights were violated when counsel failed to challenge the county coroner's qualifications to render expert opinion testimony on the existence and applicability of battered child syndrome in the Petitioner's case when the Coroner did not have any professional experience or medical education in psychology enabling him to make such a diagnosis?
>
> II. Whether Petitioner's Sixth Amendment rights were violated when counsel failed to object to the solicitor's closing arguments which inferred that Petitioner's invocation of her Fifth Amendment right to counsel was evidence of her guilt where counsel opened the door to this otherwise inadmissible evidence in undertaking an objectively unreasonably trial strategy, based on an erroneous understanding of constitutional law; thus so infecting the trial with unfairness as to make the resulting conviction a denial of due process?

(Doc. 23-10).

On April 20, 2015, the State filed a return to the petition (doc. 23-11). By order dated August 20, 2015, the Supreme Court of South Carolina denied the petition for review and issued the remittitur on September 8, 2015, (docs. 23-12, 23-13). The Anderson County Clerk of Court subsequently filed the remittitur on September 10, 2015. *See* http://publicindex.sccourts.org/Anderson/PublicIndex (Case No. 2004CP0400529).

## FEDERAL PETITION

In her federal petition, the petitioner makes the following claims:

**Ground One**:  A motion was never made to request a competency hearing

Supporting facts:  In the past I was under the care of the following mental health counselors and/or psychiatrists: Dr. Martin, Dr. McCann, Dr. Baumahsus, Dr. Saha and counselors Jim and Diane Welch. Dr. Martin was willing to testify, and was not called. I took the stand at my trial such a request is meritorious. I was suffering from post partum depression. That due to the charges and sentence imposed such a request is meritorious

**Ground Two**:  Failure to properly investigate my case

Supporting facts:  No witnesses were called that would have provided exculpatory testimony on my behalf

**Ground Three**:  Did not see if I was competent

Supporting facts: Counsel failed to properly and reasonably investigate as to whether I was competent to stand trial

**Ground Four**:  Failure to investigate the issue of whether I was criminally insane.

Supporting facts: I never spoke to anyone to decide if it could be raised as the case of McNaughten and subsequent cases

**Ground Five**:  Failure to object and preserve for appellate review on objection to the sentence imposed by the trial court on the grounds that said sentence violated the Petitioner's constitutional right to stand trial and confront these charges on her defense. As further evidence in this regard, Petitioner notes that the father of this child plead guilty to the same charges and was sentenced to the minimum thirty years in prison

Supporting facts:  a - My attorney never spoke to me about this
b - Ineffective assistance of trial counsel was never inform this issue could be raised. I knew nothing of the law, motions, petition, or application
and did not know of this rule or McNaughten

**Ground Six**:  I believe that trial counsel's failures as alleged above fall below that of the reasonable standard for criminal

4

> defense attorneys and that such a failure had a direct and adverse impact on my criminal trial.
>
> Supporting facts: a - Attorney never did any of the above grounds. b - Ineffective assistance of trial counsel. I was never informed of these grounds.. . . .
>
> **Ground Six [sic]:** I was never informed that I was offered a plea bargain until my PCR hearing.
>
> Supporting facts:  a - I asked about a plea bargain my attorney lied and said there was not one. b- Ineffective assistance of trial counsel. I was never informed I was offered a plea bargain. He was disbarred.
>
> **Ground Seven:** Whether Petitioner's Sixth Amendment rights were violated when counsel failed to challenge the county coroner's qualifications to render expert opinion testimony on the existence and applicability of battered child syndrome in the Petitioner's case when the Coroner did not have any professional experience or medical education in psychology enabling him to make such a diagnosis?
>
> Supporting facts:  a - My attorney never mentioned this.  b - Ineffective assistance of trial counsel. I was never informed of this He was disbarred
>
> **Ground Eight:** Whether Petitioner's Sixth Amendment rights were violated when counsel failed to object to the solicitor's closing arguments which inferred that Petitioner's invocation of her Fifth Amendment right to counsel was evidence of her guilt where counsel opened the door to this otherwise inadmissible evidence in undertaking an objectively unreasonable trial strategy, based on an erroneous understanding of constitutional law; thus so infecting the trial with unfairness as to make the resulting conviction a denial of due process?
>
> Supporting facts: a - My attorney never mentioned this. He was disbarred. b - Ineffective assistance of trial counsel.

(Doc. 14-1, pp. 5, 7, 8, 10, 12, and 13) (errors in original).

On March 21, 2016, the respondent filed a motion for summary judgment and the return (docs. 22, 23).  By order filed on March 22, 2016, pursuant to *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975), the petitioner was advised of the summary

judgment procedure and the possible consequences if she failed to adequately respond to the motion (doc. 25).  After numerous extensions of time, the petitioner filed a response in opposition on October 11, 2016 (doc. 57).  The respondent filed a reply on October 21, 2016 (doc. 62).

## APPLICABLE LAW AND ANALYSIS

### *Summary Judgment Standard*

Federal Rule of Civil Procedure 56 states, as to a party who has moved for summary judgment:  "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).  An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257.  In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986).  Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather, he must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* at 324.  Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252.  Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of

the summary judgment motion. *Id.* at 248. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*

***Exhaustion***

The petitioner has exhausted both her direct appeal remedies and her one PCR action as a matter of right (*see* doc. 23, pp. 7-9).

***Statute of Limitations***

The petition in this case was filed after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Accordingly, the provisions of the AEDPA apply. *Lindh v. Murphy*, 521 U.S. 320, 336-37 (1997). The respondent first argues[2] that the petition is untimely under the one-year statutory deadline set forth in the AEDPA. The one-year time period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[3] However, "[t]he time during which a properly filed application for State post-conviction or collateral relief with respect to the pertinent judgment or claim that is pending shall not be counted toward any period of limitation under this subsection." *Id.* § 2244(d)(2). State collateral review tolls the one-year statute of limitations under Section 2244(d)(1)(A) for properly filed pleadings, *Artuz v. Bennett*, 531 U.S. 4, 8 (2000), but it does not establish a right to file within one year after completion of collateral review. *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000).

The petitioner was convicted by a jury and sentenced on June 28, 2001, and the South Carolina Court of Appeals affirmed the petitioner's conviction and sentence on

---

[2] As this court recommends that the petition be dismissed as untimely, the respondent's remaining arguments will not be addressed.

[3] The statute provides other possible start dates for the one-year time period that are not relevant here. *See* 28 U.S.C. § 2244(d)(1)(B)–(D).

7

February 25, 2003. The petitioner's state court convictions became final fifteen days later on March 12, 2003, the expiration of the time in which the petitioner could have timely filed a petition for rehearing with the South Carolina Court of Appeals. *See* Rule 221(a), SCACR (instructing that a petition for rehearing "must be actually received by the appellate court no later than fifteen (15) days after the filing of the opinion, order, judgment, or decree of the court"); Rule 242(c), SCACR (stating "[a] decision of the Court of Appeals is not final for the purpose of review by the Supreme Court until the petition for rehearing or reinstatement has been acted on by the Court of Appeals."); *Gonzalez v. Thaler*, 132 S.Ct. 641, 653–54 (2012) ("[B]ecause [petitioner] did not appeal to the State's highest court, his judgment became final when his time for seeking review with the State's highest court expired."). Because she did not timely file a petition for rehearing or seek certiorari from the South Carolina Supreme Court, the petitioner is not entitled to the 90 days to petition the United States Supreme court for certiorari. *See* U.S. Sup. Ct. R. 13(1) (stating appellant must file a petition for a writ of certiorari within 90 days of the judgment being appealed); *Gonzalez*, 132 S. Ct. at 653-54 ("[T]he judgment becomes final at the 'expiration of the time for seeking such review'—when the time for pursuing direct review in this Court, or in state court, expires.") (quoting 28 U.S.C. § 2244(d)(1)(A))). Accordingly, the AEDPA statute of limitations began to run on March 13, 2003, and expired on March 12, 2004, unless the period was at any time tolled for any properly filed state PCR application. 28 U.S.C. § 2244(d)(2); *see also Hernandez v. Caldwell*, 225 F.3d 435, 438-39 (4th Cir. 2000) (applying the anniversary date method in calculating the one-year limitation period in § 2244 and concluding that "the actual count on the limitations period began on April 25, 1996, and ended on April 24, 1997, excluding any time tolled").

The petitioner filed a PCR application on February 17, 2004, thereby tolling the federal statute of limitations. At that point, 342 days of untolled time had lapsed between the petitioner's conviction becoming final and the filing of the PCR application.

The statute remained tolled until, at the very latest, September 10, 2015, the date the remittitur was filed in the circuit court, after the South Carolina Supreme Court's August 20, 2015, order denying the petition for writ of certiorari in the PCR appeal (doc. 23-13). *See Beatty v. Rawski*, 97 F. Supp. 3d 768, 775-76, 780 (D.S.C. 2015) (finding that final disposition of a PCR appeal in South Carolina does not occur until the remittitur is filed in the circuit court, and thus the Section 2254(d)(1) statute of limitations is tolled until that time).[4] Accordingly, at the very latest, the statute of limitations began to run again on September 11, 2015, the day after the remittitur was filed. The petitioner had 23 days remaining within which to file her federal petition. Therefore, the statute of limitations for filing the habeas petition expired on Monday, October 5, 2015.[5] The petitioner's federal habeas petition was received by the Clerk of Court on December 7, 2015. As the petitioner is a prisoner, she should have the benefit of the holding in *Houston v. Lack*, 487 U.S. 266, 270-71 (1988), which held that a prisoner's pleading is filed at the moment of delivery to prison authorities for forwarding to the District Court. Here, the envelope containing the petition does not have a stamp showing the date it was delivered to prison authorities (*see* doc. 1-1). Also, the petitioner did not sign the Section 2254 petition[6] that was received on

---

[4] "There remains a dispute among the District of South Carolina opinions concerning whether (1) the decision date, (2) the remittitur date, or (3) the date of receipt of the remittitur controls for purposes of calculating the statute of limitations." *Jumper v. Warden of Broad River Corr. Inst.*, C.A. No. 1:15-4848-JFA-SVH, 2016 WL 2893988, at *6 n.4 (D.S.C. Apr. 25, 2016) (citing cases), *R&R adopted by* 2016 WL 2866306 (D.S.C. May 17, 2016).

[5] The time period actually expired on October 3, 2015 (23 days after the statute of limitations began to run again on September 11, 2015). However, as this was a Saturday, the date is pushed to the next non-weekend day. *See* Fed. R. Civ. P. 6(a)(3)(A).

[6] By order filed December 14, 2015, the undersigned gave the petitioner 21 days to bring the case into proper form by signing the signature page of the petition and returning it to the court (doc. 7). The petitioner returned the signature page to the district court on January 4, 2016 (doc. 1-2). In the portion of the signature page stating the date she placed the petition in the prison mailing system, the petitioner inserted the date "12-29-15" and stated, "The date I sent this back.. . . Not sure what the date was that I sent the Habeas Corpus in" (doc. 1-2).

December 7, 2015, so it is impossible to use the signature date as the filing date for the petition (*see* doc. 1, p. 17). Accordingly, the undersigned will consider the filing date as December 4, 2015, assuming three days mail time between the petitioner giving the petition to prison authorities and the receipt of the petition by the Clerk of Court. *See* Fed. R. Civ. P 6(d) ("When a party may or must act within a specified time . . . three days are added after the period would otherwise expire under Rule 6(a)."). Thus, the petition is some 60 days late.

To avoid application of Section 2244(d) regarding the timeliness of the instant federal habeas petition, the petitioner must show that the one-year limitations period should be equitably tolled under applicable federal law. *See Holland v. Florida*, 560 U.S. 631 (2010) (concluding that § 2244(d) is subject to the principles of equitable tolling); *Harris v. Hutchinson*, 209 F.3d 325 (4th Cir. 2000) (same). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (citation omitted); *see also Holland*, 560 U.S. at 649. Equitable tolling is available only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris*, 209 F.3d at 330. *See also United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004). Thus, to be entitled to equitable tolling, an otherwise time-barred petitioner must present: "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir.2003) (*en banc*).

The petitioner does not specifically address the statute of limitations issue in her response in opposition to the motion for summary judgment (*see generally* doc. 57). However, she does state that she is "on mental health medication and . . . [does] not understand things fast enough" and complains that she is "not being given a fair chance to

10

plead [her] case" due to not having an attorney to represent her and lack of time in the law library (*id.*, p. 2).  Also, in her petition, the petitioner stated as following regarding the timeliness of her petition:

> I did not know that the time frame included in my pcr filing was included in filing a writ of habeas corpus.  I did not understand how to fill out the habeas corpus so I had to have more than 17 days to figure it out.  Did not know of decision until August 27, 2015.

(Doc. 1, p. 15).

The statute of limitations period was statutorily tolled during the pendency of the petitioner's PCR action, 28 U.S.C. § 2244(d)(2), so it is unclear what the petitioner means by the statement that she lacked knowledge "that the time frame included in my pcr filing was included in filing a writ of habeas corpus" (doc. 14-1, p. 15).  Further, as set forth above, the decision by the Supreme Court of South Carolina denying the petition for review in the petitioner's PCR appeal was filed on August 20, 2015, so the petitioner found out about it within a week of the filing (doc. 23-12).  Even after she found out about the decision on August 27, 2015, the petitioner had over a month left before the statute of limitations expired on October 5, 2015.  While she believed she only had "17 days" in which to file her federal petition, it is clear that she was fully aware of the short time frame available but still failed to file anything with this court until some two months after the limitations period expired.  She has shown no impediment to filing an action in federal court that will support equitable tolling.  *See Jones v. South Carolina*, C.A. No. 4:05–2424–CMC–TER, 2006 WL 1876543, at *3 (D.S.C. June 30, 2006) ("Other courts addressing equitable tolling have found that 'extraordinary circumstances' are *not*: having an inadequate law library, ... claims of actual innocence, reliance on other inmates' advice, ignorance of the AEDPA filing deadline, or even (in some instances) petitioner illness.") (emphasis in original).

Based upon the foregoing, the petition is untimely under the one-year statutory deadline set forth in the AEDPA, and the respondent's motion for summary judgment on this basis should be granted.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, it is recommended that the respondent's motion for summary judgment (doc. 22) be granted and the petitioner's Section 2254 petition be dismissed.

s/ Kevin F. McDonald
United States Magistrate Judge

October 27, 2016
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk of Court**
**United States District Court**
**300 East Washington Street — Room 239**
**Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).